# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:73-cv-00031-LDG |
| v. | **ORDER** |
| ORR WATER DITCH CO.,, *et al.*, | |
| Defendants. | |
| Re: Petition to Amend or Modify Orr Ditch Decree | |

The Truckee-Carson Irrigation District (TCID) and the respondents represented by Schroeder Law Offices each filed motions for discovery (## 1203, 1204). The City of Fallon, Churchill County, and other respondents joined in the motions. The Moving Parties[1] opposed the motions. The Court heard arguments, reserved ruling on the motions, and granted the respondents additional time to supplement their motions. TCID, the Schroeder respondents, and other respondents either filed or joined supplemental briefs relative to

---

[1] The Moving Parties are the United States, the State of Nevada, the State of California, the Pyramid Lake Paiute Tribe, the Truckee Meadows Water Authority, the Washoe County Water Conservation District, and the City of Fernley.

their motions seeking an opportunity to engage in discovery (## 1401[2], 1419, 1420). The Moving Parties filed a joint response (#1431), and the respondents filed replies (## 1432, 1433).

The underlying proceeding in which the respondents seek discovery is an amended motion to modify or amend the final decree that was entered in this matter in 1944. As instructed by the United States Supreme Court in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992), the modification of a consent decree is warranted when changes in either factual conditions or the law – or a combination of both – make compliance with the decree substantially more onerous, the decree proves unworkable because of unforeseen obstacles, or when continued enforcement of the decree without modification would be detrimental to the public interest. In light of this standard, and as further set forth in *Rufo*, a party seeking to modify a consent decree has the burden of showing (a) changes in legal and factual circumstances warrant a modification, and (b) the proposed modification is suitably tailored to the changed circumstances.

As suggested by the Schroeder Respondents in their motion, "the discovery provisions of Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed." *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967). As applied in the context of the present petition to modify the Orr Ditch Decree, this would suggest that appropriate discovery must be pertinent to the issues of whether legal or factual circumstances have changed sufficiently that continued enforcement of the Orr Ditch Decree without modification will be detrimental to the public interest, and whether the proposed modification is suitably tailored to the changed circumstances.

---

[2] The Court appreciates the submission of Michael S. Lowry, and has taken it into consideration in deciding whether to grant discovery.

While the language of *McWhirter* indicates that the Court needs to liberally construe the civil procedure rules to ensure that parties can obtain relevant information, the Court will not construe those rules to impose an unnecessary discovery obligation on the Moving Parties.  For example, the Court will not permit discovery to obtain relevant information that could have been satisfied by respondents sharing, among themselves, relevant information already in possession of at least some of the respondents. This is of particular importance in the present matter, as the history of controversy, litigation, and dispute resolution involving Truckee River water is lengthy, extensive, and includes many different forums and jurisdictions.  The differing forums extend from the Nevada State Engineer up through the Congress of the United States and the Supreme Court.  Numerous decisions of this Court, the Ninth Circuit Court of Appeals, and the Supreme Court recite facts detailing past and current factual circumstances, and changes in those circumstances.  Many of the parties who are appearing in this present petition have long been involved in the various proceedings involving the Truckee River.  As TCID itself notes, many of the parties (including TCID) are signatories to the Truckee River Agreement, which was incorporated into the Final Decree, and which is a primary subject of the petition to modify the Final Decree.  This lengthy history suggested and continues to suggest to the Court that it is likely that some respondents to the present petition to modify either already have or are able to obtain access to a significant amount of evidence pertinent to the present petition to modify without engaging in discovery directed at the Moving Parties.  As such, the Court will not broadly grant requests by respondents to engage in propounding discovery, bounded only by the constraints of Rule 26(b), without any consideration as to whether such discovery could have been satisfied, in the first instance, by the reasonable sharing or obtaining of information from other respondents, or by access to information readily available from sources other than the Moving Parties.  The Court sees no reason to allow discovery if the responding parties, considered as a whole, are already in possession of the

evidence they need, or can readily obtain it without engaging in discovery. Accordingly, as the Court informed the respondents during the hearing, before the Court will allow any individual or group of respondents to impose a discovery obligation on Moving Parties, that respondent or group of respondents has an initial obligation to establish that none of the respondents already possess or have access to the pertinent information. The Court will not permit discovery to be imposed upon the Moving Parties unless the requesting respondent (or respondents) first show that <u>none</u> of the respondents have access to or possession of relevant information sought from the Moving Parties.

      The Court also determined, and informed the respondents during the hearing, that the most analogous model to guide and indicate the appropriate bounds of discovery in response to the Moving Parties' motion to modify or amend the Final Decree is found within Rule 56(d) of the Federal Rules of Civil Procedure. That rule, which concerns the context of a party opposing summary judgment, provides that "if a nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (2) allow time to take discovery." The Court determined and informed the respondents that it would apply this rule by analogy, as the Moving Parties attached to their motion an extensive appendix of evidence that, they argue, supports the granting of the motion. As with a motion for summary judgment, if the evidence filed by the Moving Parties supported the granting of the amended motion to modify the Final Decree, the Court determined that the respondents' burden in opposing the motion was to either show that the evidence submitted by the Moving Parties does not warrant a modification or to submit evidence in opposition to the motion. With this in mind, the Court instructed the parties at the hearing on the motions for discovery that it would permit discovery as appropriate (a) only to the extent that the respondents identified specified reasons why they presently lack evidence essential to justify their opposition, and (b) only to the extent that the respondents

4

can show that the most appropriate means to obtain that evidence is by discovery directed at the Moving Parties.

      The respondents' original motions for discovery did not meet these criteria. Merely arguing against the merits of the underlying motion and generally asserting that discovery is required was insufficient to show either (a) a specified reason why the respondents lacked the evidence needed to justify an opposition to a relevant issue, or (b) that the most appropriate means to obtain that evidence is through discovery propounded on the parties moving to modify the Final Decree. Rather than simply deny the motions, however, the Court held a hearing on the motions, informed the respondents that a sufficient argument indicating that discovery was appropriate required (1) identifying the evidence that is needed (but presently unavailable to the respondents) to justify an opposition as to an issue relevant to the motion to modify, (2) identifying why the evidence is necessary to justify an opposition, and (3) establishing that the only appropriate means to obtain that evidence is by discovery propounded on the opposing parties. The Court then heard arguments, and ultimately granted the respondents leave to supplement their motions to permit them an opportunity to meet these criteria.

      <u>Depositions of Moving Party Declarants</u>

      Neither the original motions for discovery nor the supplemental briefs are sufficient to establish that the deposition of the Moving Parties' five declarants is appropriate or necessary prior to requiring the respondents to oppose the amended motion. As TCID recognizes in its supplement, the Moving Parties submitted the five declarations in support of their required burden of showing changed circumstances. The respondents have not, however, argued or shown that any of the five declarants have possession of or control over evidence regarding the circumstances prior to, during, and subsequent to 1944 that is (a) necessary to the respondents' ability to file an opposition to the amended motion to modify, (b) unavailable to the respondents, and (c) obtainable only from the declarants. As

the Court previously noted, and pointed out during the hearing, the context of the present proceeding is an amended motion to which the Moving Parties attached a substantial appendix of evidence. Further, the overall context of the present matter is an extensive history of the disputes and litigation concerning the waters of the Truckee River, and the uses to which that water has been put for more than a century. The amended motion was not akin to a new complaint merely providing notice of a recent dispute to responding parties. Rather, the amended motion was akin to a motion for summary judgment, in which the Moving Parties set forth their evidence. The Court granted the respondents 60 days to study the motion and its supporting memorandum and evidence and to determine the specific evidence they required <u>but lacked</u>, and <u>which could only be obtained from the Moving Parties</u>, that was necessary to oppose the amended motion. Following the hearing on the motions, the Court granted the respondents an additional 15 days to identify the specific evidence they lacked but required, and which could only be obtained from the Moving Parties. The respondents had access to the declarations of five individuals submitted by the Moving Parties. The respondents had an opportunity to identify any evidence they required to oppose the amended motion as to the matters and circumstances asserted in the five declarations. TCID's general assertions that they disagree with many of the assertions and "would like an opportunity through depositions to obtain all possible knowledge of the basis of the declarant's [sic] factual statements" does not qualify as identifying the evidence needed, the reason needed, and that such evidence could only be obtained from the Moving Parties.

    In their supplemental reply, the Schroeder Respondents argue that they should be permitted to depose the declarants because "a declarant's knowledge may not be obtained other than by questioning that declarant." They further assert, citing to page 16 of their supplemental brief, that they identified their need to obtain the declarant's knowledge of the changed circumstances and the tailoring of the proposed modification. A review of page

16 of the Schroeder respondents' supplemental brief, however, shows that it merely identifies the five declarants.  The Schroeder respondents' argument fails because, in the context of the present dispute as it pertains to the five declarations, the material issue before the Court concerns the circumstances prior and subsequent to the 1944 Final Decree, rather than the declarants' knowledge (or lack of knowledge) of those circumstances.  The declarations, in large part, present summaries of factual information obtained from publically available records.  For example, Gwyn Estrella declares that the records of the Washoe County Conservation District "state that a total of approximately 28,815 acres were irrigated and assessed within the Conservation District in 1944."  Her declaration is limited to this statement.  The declaration reveals that Estrella's knowledge of this factual information derives from the records of the Conservation District.  As the five declarants' statements are comprised primarily of the recitation or summarization of factual information derived from publically available sources, the Court will not grant leave to respondents to depose the five declarants.

<u>WHETHER THE PROPOSED AMENDMENT IS SUITABLY TAILORED</u>

In its supplemental brief, TCID asserts that it should be permitted to take Rule 30(b)(6) depositions related to the issue of whether the TROA is suitably tailored to the changed circumstances that the Moving Parties assert have occurred.  Typical of TCID's arguments are assertions such as:

> "It is impossible to determine how TROA will work without concrete examples." TCID Supplemental Brief at 7.

> "There are several specific informational categories which are of critical importance to the 'suitably tailored' prong of the proposed modification analysis but for which the Moving Parties' <u>Amended Motion and Appendix</u> do not provide adequate information." *Id* (emphasis added).

       "One must assume that [the Moving Parties] have facts and knowledge of the operation of TROA beyond the <u>incomprensible document itself</u>."  TCID Supplemental Reply at 4 (emphasis added).

The Schroeder Respondents raise similar assertions, in seeking leave to take depositions and submit interrogatories:

       "Schroeder Respondents are unable to decipher the TROA document." Schroeder Respondents Supplemental Brief at 2.

       "Schroeder Respondents seek discovery to understand 1) the provisions of TROA, 2) how TROA would operate, 3) how the 1944 Decree would be upheld, and 4) finally, to ensure that Respondents' water rights, particularly, those of the Newlands Project, will not be injured."  *Id*., at 3.

The difficulty in such assertions is that, while the present matter before the Court is whether to modify the 1944 Final Decree as requested, the present dispute is whether discovery is appropriate before requiring a response to the amended motion to modify or amend.  Further, as noted, both the amended motion to modify and the motions for discovery arise in the context of long history concerning the waters of the Truckee River, not least of which includes the Settlement Act.  Asserting that the amended motion and its appendix fail to provide sufficient evidence or information to determine whether the proposed modification is suitably tailored is a matter relevant to the merits and not whether the respondents lack evidence necessary to bring an opposition (which evidence is only in the possession or control of the Moving Parties and thus can <u>only</u> be obtained through discovery).  If, as TCID asserts, the amended motion and appendix are insufficient, that is a matter to be raised on the merits.  Such argument does not justify discovery.

       All parties appear to agree that the TROA is a complex document.  Whether the proposed modifications are suitably tailored, including modifying the Final Decree to provide that TROA shall govern operation of reservoirs on the Truckee River, is a matter for

8

the Court to determine. That this issue is before the Court, however, does not by itself justify requiring the Moving Parties to submit to discovery to explain to the respondents how TROA may operate, or how it satisfies the Settlement Agreement, or whether TROA is suitably tailored to the changed circumstances. Ultimately, this Court must decide whether the operations allowed TROA, as established within the four corners of that document, including whether the protections as provided in TROA as to existing Orr Ditch Decreed Water Rights, are suitably tailored to the changed circumstances. If, as the respondents argue, TROA is incomprehensible and indecipherable, they can raise that argument and offer evidence to support that argument in opposing the amended motion on the merits. Such argument, however, does not justify discovery to require the Moving Parties to decipher TROA and render it comprehensible for the benefit of the respondents.

Accordingly,

THE COURT **ORDERS** that Respondents' Motions for Discovery (## 1203, 1204, 1207, 1401, 1419, 1420) are DENIED.

THE COURT FURTHER **ORDERS** that Moving Parties' Request for a Status Conference (#1442) is DENIED as moot.

THE COURT FURTHER **ORDERS** that responses to the Amended Motion to Modify or Amend the 1944 Final Decree must be filed not later than Friday, June 1, 2012. Replies to the responses must be filed not later than Friday, June 29, 2012.

DATED this \_\_9\_\_ day of March, 2012.

_____
Lloyd D. George
United States District Judge

9